## In re Appeal of Loggia Nuova Giuseppe Verdi, No. 1483

*Eugene Mirachi,* for appellant.

CUMMINGS, J., October 26, 1942.—In June 1942, the Loggia Nuova Giuseppe Verdi, No. 1483, an unincorporated association, chartered by the Sons of Italy in

America, filed an application with the Pennsylvania Liquor Control Board for a club liquor license, for its quarters located at 271 Poplar Street, in the Borough of Kulpmont, Northumberland County, Pa.

On July 24, 1942, the Pennsylvania Liquor Control Board, by letter, advised appellant that its application for a club liquor license was refused, for the reason "the quota for the Borough of Kulpmont is exceeded and the board is prohibited by Act No. 358 from issuing any new licenses, except hotels, for this municipality."

Prior to July 29, 1942, appellant requested the Pennsylvania Liquor Control Board to grant permission to appellant to waive the hearing required under the provisions of section 404 of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as amended and reënacted by section 404 of the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762.

In pursuance of said request, the Pennsylvania Liquor Control Board, on July 29, 1942, by letter, granted permission to waive the hearing, stated:

"In accordance with your request, the board hereby grants permission to your organization to waive the hearing in connection with the board's refusal to grant you a new club liquor license. This action will permit you to file your appeal direct to the county courts."

On August 25, 1942, appellant presented its petition to this court, requesting an appeal from the ruling of the Pennsylvania Liquor Control Board. The appeal was allowed, and September 21, 1942, 10 a.m., was fixed for a hearing of said appeal.

At the time of the hearing, counsel for the Liquor Control Board filed a motion to dismiss the appeal, alleging that:

". . . at the request of said association, the Liquor Control Board wrote a letter to said association dated July 29, 1942, granting the association the right to waive the hearing in connection with the board's re-

fusal to grant the new club liquor license, and stating that this action would permit the association to file its appeal direct to the county courts.

"That more than 20 days after this waiver of hearing before the board, to wit, on August 25, 1942, the club did file its appeal in the Court of Quarter Sessions of Northumberland County.

"That the appeal in this case was filed 27 days after the waiver by the board and was not proper and was contrary to the provisions of the Pennsylvania Liquor Control Act."

In the appeal before this court from the order of refusal of the license by the Liquor Control Board, under date of July 24, 1942, appellant evidently was under the impression that permission of waiver of hearing by the Liquor Control Board, as provided for in the act of assembly above quoted, is equivalent to a hearing and refusal by the board.

Nowhere in the Act of 1933 or the amendments of 1937 can we find anything authorizing the Liquor Control Board to grant a waiver of the hearing provided for in said act. The Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, sec. 404, provides:

"The board may of its own motion and shall, upon the written request of any applicant for club, hotel or restaurant liquor license, . . . fix a time and place for hearing of such application for liquor license . . . Such hearing shall be before the board, a member thereof, or an examiner designated by the board. At such hearing, the board shall present its reasons for its refusal or withholding of license . . . The board shall thereupon grant or refuse the license, renewal or transfer thereof. If the board shall refuse such license, renewal or transfer, following such hearing, notice in writing of such refusal shall be mailed to the applicant at the address given in his application. In all such cases, the board shall file of record at least a brief statement, in the form of an opinion, of the reasons for the ruling

or order, and furnish a copy thereof to the applicant. Any applicant who has appeared before the board, or any agent thereof, at any hearing as above provided, who is aggrieved by the refusal of the board to issue a hotel or restaurant or club liquor license, or to renew or transfer a hotel, restaurant or club liquor license, may appeal within twenty days from date of refusal to the court of quarter sessions of the county in which the hotel or restaurant or club is located."

We are of opinion and hold that this appeal is premature, no hearing having been held as required by the act of assembly. The jurisdiction of this court could rise only on appeal from the refusal, after hearing, of the Liquor Control Board to grant the license.

Under the act referred to, before an appeal can properly be taken, a hearing must be had before the board on a refusal of the license, and a record in the form of an opinion of the reasons for the refusal must be filed. In this case, the appeal is from the refusal of the Liquor Control Board to grant the license July 24, 1942. There is no provision in the act of assembly for such appeal. The waiver of the hearing by the board is of no help to appellant. It is the duty of appellant, under the act, to demand a hearing, and if such hearing be refused by the board to resort to the Dauphin County courts.

For the above reasons, this appeal must be dismissed, and in addition an appeal would have to be dismissed, inasmuch as it was not taken within the period (20 days) provided by the act of assembly.

### Order

And now, to wit, October 26, 1942, for the above reasons, the motion to dismiss is allowed and the appeal is dismissed, at the cost of appellant.